1
2
3
4
5
6
7
8

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

9

| THERESE JAFFE, | No.: 20-2-13635-2 SEA |
| | |
| Plaintiff, | FIRST AMENDED COMPLAINT |
| vs. | |
| | |
| SAFEWAY, INC., a foreign corporation; JANE DOE I and JOHN DOE I, husband and wife, and the marital community composed thereof; JOHN DOE II, a minor; JANE DOE II and JOHN DOE III, husband and wife, and the marital community composed thereof; CORPORATION/BUSINESS ENTITY I; CORPORATIONS/BUSINESS ENTITIES/INDIVIDUALS II-X; CORPORATIONS/BUSINESS ENTITIES XI-XX; and JOHN AND JANE DOES II-X, | |
| | |
| Defendants | |

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

COMES NOW the plaintiff, by and through her attorney of record, and by way of this Amended Complaint, alleges and avers as follows:

## I.     PARTIES AND JURISDICTION

1.0.     Plaintiff is a married woman residing in Oak Harbor, Washington.

FIRST AMENDED COMPLAINT
JAFFE v. SAFEWAY INC., et al.
P a g e  | 1

ALLEN N. SHABINO, P.S.
1700 7TH AVE, STE. 2100
SEATTLE, WA 98101
TEL: 206-467-3099
FAX: 206-902-4313

1.1.     Defendant Safeway, Inc. (Safeway) is a foreign for-profit corporation incorporated in Delaware, whose principal office is located in Pleasanton, California.

1.2.     Safeway owns and operates a retail store located at 1450 S.W. Erie St., Oak Harbor, WA, 98277-3104, designated Safeway store #402 (the Oak Harbor store).

1.3.     The incident that is the subject of this lawsuit occurred at the Oak Harbor store.

1.4.     As more fully described *infra*, the incident that is the subject of this lawsuit involved an injury plaintiff sustained when a laser device at a checkout stand was pointed at her by a minor, defendant John Doe II, who was then in the custody and/or under the supervision of defendant Jane Doe I, presumed to be his mother.

1.5.     As it is unknown whether defendant Jane Doe I was married at the time of the subject incident, defendant John Doe I is also named as a defendant, as well as the marital community.

1.6.     Defendant Jane Doe II is an employee of defendant Safeway who worked as a store cashier.  Defendant Jane Doe II is the Safeway employee that permitted defendant John Doe II to use the laser device, as described *infra*.

FIRST AMENDED COMPLAINT
JAFFE v. SAFEWAY INC., et al.
P a g e  | **2**

ALLEN N. SHABINO, P.S.
1700 7TH AVE, STE. 2100
SEATTLE, WA 98101
TEL: 206-467-3099
FAX: 206-902-4313

1.7.    As it is unknown whether defendant Jane Doe II was married at the time of the subject incident, defendant John Doe III is also named as a defendant, as well as the marital community.

1.8.    Defendant Corporation/Business Entity I is an unknown corporation or other business entity that manufactured the laser device that is the subject of this lawsuit.

1.9.    Defendants Corporations/Business Entities II-X are unknown corporations or business entities that may constitute product sellers under the Washington Product Liability Act, and which may have been in the chain of sale between the product manufacturer, defendant Corporation/Business Entity I, and the ultimate purchaser, defendant Safeway.

1.10.   Defendants Corporations/Business Entities II-X are unknown corporations or business entities that may be at fault regarding the subject incident under RCW 4.22.070.

1.11.   Defendants John and Jane Does II-X are unknown persons that may be at fault regarding the subject incident under RCW 4.22.070.

1.12.   The Court has jurisdiction over the subject matter of this lawsuit.

1.13.   The Court has personal jurisdiction over the defendants.

FIRST AMENDED COMPLAINT
JAFFE v. SAFEWAY INC., et al.
P a g e  | 3

ALLEN N. SHABINO, P.S.
1700 7TH AVE, STE. 2100
SEATTLE, WA 98101
TEL: 206-467-3099
FAX: 206-902-4313

1.14.    Defendant Safeway transacts business, has an office for the transaction of business, and/or transacted business at the time this cause of action arose, in King County.

1.15.    Defendant Safeway resides in King County for purposes of RCW 4.12.025.

1.16.    Venue is, therefore, proper in King County under RCW 4.12.202(3), as one of the defendants resides there.

## II.    FACTS

2.0.     Plaintiff reasserts and incorporates by reference the allegations set forth in paragraphs 1.0-1.16.

2.1.     On or about July 11, 2018, plaintiff was shopping at the Oak Harbor store, and was in a checkout line.

2.2.     Directly in front of plaintiff at the checkout stand was an unidentified female—defendant Jane Doe I— who was being helped by a Safeway cashier, defendant Jane Doe II.

2.3.     Defendant Jane Doe I was accompanied by a young boy, defendant John Doe II, who is presumed to be her son.

2.4.     Defendant Jane Doe I was either defendant John Doe II's mother or legal guardian, or otherwise supervised or exercised control over him at the time of the subject incident.

FIRST AMENDED COMPLAINT
JAFFE v. SAFEWAY INC., et al.
P a g e  | 4

ALLEN N. SHABINO, P.S.
1700 7TH AVE, STE. 2100
SEATTLE, WA 98101
TEL: 206-467-3099
FAX: 206-902-4313

2.5.     Defendant Jane Doe II, the Safeway cashier that interacted with defendant Jane Doe I and defendant John Doe II, had access to a laser device that is apparently used to scan prices and other information on products offered for sale.

2.6.     Defendant Jane Doe II either gave defendant John Doe II the laser device, or permitted him to use it without objection.

2.7.     Defendant John Doe II then began to point the laser device in various directions, as if he were shooting a gun.

2.8.     As this was going on, the Safeway cashier, defendant Jane Doe II, and defendant John Doe II's parent, guardian or custodian, defendant Jane Doe I, were acting as though they were amused by what the young boy, defendant John Doe II was doing.

2.9.     Defendant John Doe II then pointed the laser device at the eyes of the plaintiff, blinding her.

2.10.    Plaintiff suffered serious personal injuries as a result of this incident.

2.11.    Defendant Corporation/Business Entity I is an unknown corporation or business entity that manufactured the laser device.

2.12.    Defendants Corporations/Business Entities/Individuals II-X are unknown corporations, business entities, or individuals that were involved in the chain of sale/distribution of the laser device, between Corporation/Business Entity I and Safeway.

FIRST AMENDED COMPLAINT
JAFFE v. SAFEWAY INC., et al.
P a g e  | 5

ALLEN N. SHABINO, P.S.
1700 7TH AVE, STE. 2100
SEATTLE, WA 98101
TEL: 206-467-3099
FAX: 206-902-4313

2.13.     Defendants Corporations/Business Entities XI-XX are unknown

corporations or business entities that defendant Safeway may allege were wholly or

partially at fault regarding the subject incident.

2.14.     Defendants John and Jane Does II-X are persons that defendant Safeway

may allege were wholly or partially at fault regarding the subject incident.

### III.     FIRST CAUSE OF ACTION/NEGLIGENCE/DEFENDANT JANE DOE II

3.0.     Plaintiff reasserts and incorporates by reference the allegations set forth

in paragraphs 1.0-2.14.

3.1.     Defendant Jane Doe II is the Safeway employee/store clerk described in

the preceding paragraphs.

3.2.     Defendant Jane Doe II acted negligently in either giving defendant John

Doe II the laser device, allowing him to access it, and/or allowing him to continue to

use it once he obtained custody.

3.3.     Defendant Jane Doe II's identify is unknown because defendant Safeway

and/or its agents refused to reveal it.

3.4.     As a result of defendant Jane Doe II's negligence, plaintiff Jaffe suffered

serious personal injuries that will be proven at the time of trial.

### IV.     SECOND CAUSE OF ACTION/VICARIOUS LIABILITY/SAFEWAY

3.0.     Plaintiff reasserts and incorporates by reference the allegations set forth

in paragraphs 1.0-3.4.

FIRST AMENDED COMPLAINT
JAFFE v. SAFEWAY INC., et al.
P a g e  | 6

ALLEN N. SHABINO, P.S.
1700 7ᵀᴴ AVE, STE. 2100
SEATTLE, WA 98101
TEL: 206-467-3099
FAX: 206-902-4313

### VI.   FOURTH CAUSE OF ACTION/DEFENDANT JANE DOE I/NEGLIGENCE

5.0.     Plaintiff reasserts and incorporates by reference the allegations set forth in paragraphs 1.0-4.2.

5.2.     It is anticipated that defendant Safeway may allege that defendant Jane Doe I was either negligent or partially at fault relative to the subject incident on a theory of negligent supervision.

5.2.     If and to the extent that defendant Safeway alleges this, and if and to the extent it is correct, the fact finder may attribute fault to defendant Jane Doe I.

5.3.     If and to the extent that defendant Jane Doe I was, in fact, negligent, her negligence was a proximate cause of plaintiff's injuries.

5.4.     Defendant Jane Doe I's identity is unknown, because defendant Safeway and/or its agents refused to disclose it.

### VII.   FIFTH CAUSE OF ACTION/DEFENDANT JOHN DOE II/NEGLIGENCE

6.0.     Plaintiff reasserts and incorporates by reference the allegations set forth in paragraphs 1.0-5.4.

6.1.     Defendant John Doe II was the minor handling the laser device as described in the preceding paragraphs.

6.2.     The age of defendant John Doe II is unknown, although he appeared to be quite young.

FIRST AMENDED COMPLAINT
JAFFE v. SAFEWAY INC., et al.
P a g e  | **8**

ALLEN N. SHABINO, P.S.
1700 7TH AVE, STE. 2100
SEATTLE, WA 98101
TEL: 206-467-3099
FAX: 206-902-4313

6.2.     If defendant John Doe II was six years old or more at the time of the

subject incident, he cannot be deemed incapable of negligence as a matter of law.

6.3.     Rather, defendant John Doe II's negligence, if any, must be evaluated in

light of the degree of care reasonably expected of a person of his age.

6.4.     Plaintiff does not personally believe that defendant John Doe was capable

of legal negligence.

6.5.     However, it is possible that defendant Safeway may allege that he was

capable of negligence and was at fault.

6.6.     If and to the extent that Safeway alleges this, and if and to the extent that

defendant John Doe II was capable of negligence, then his negligence, if any, was a

proximate cause of plaintiff's injury.

### VIII.     THIRD CAUSE OF ACTION/PRODUCTS LIABILITY/DEFENDANT CORPORATION/BUSINESS ENTITY I

7.0.     Plaintiff reasserts and incorporates by reference the allegations set forth

in paragraphs 1.0-6.6.

7.1.     Defendant Corporation/Business Entity I is an unknown

corporation/business entity that manufactured the laser device involved in the

subject incident.

7.2.     The identify of defendant Corporation/Business Entity I is unknown,

because defendant Safeway and/or its agents refused to disclose its identity.

FIRST AMENDED COMPLAINT
JAFFE v. SAFEWAY INC., et al.
P a g e  | 9

ALLEN N. SHABINO, P.S.
1700 7TH AVE, STE. 2100
SEATTLE, WA 98101
TEL: 206-467-3099
FAX: 206-902-4313

7.3.     Defendant Corporation/Business Entity I is a product manufacturer

withing the meaning of RCW 7.72.010(2), as it either designed, produced, made,

fabricated, constructed or remanufactured the laser device for sale.

7.4.     Defendant Corporation/Business Entity I is also a product seller within the

meaning of RCW 7.72.010(1), as it was engaged in the business of settling the laser

device for resale, use or consumption, and because a product seller is defined to

include manufacturers.

7.5.     It is anticipated that defendant Safeway may allege that defendant

Corporation/Business Entity I was negligent within the meaning of RCW 7.72.030(1),

either because the laser device was not reasonably safe as designed, and/or

because adequate warnings or instructions were not provided.

7.6.     It is anticipated that defendant Safeway may allege that defendant

Corporation/Business Entity I is strictly liable within the meaning of RCW

7.72.030(2), either because the laser device was not reasonably safe in construction

and/or because it did not conform to the manufacturer's express warranty or to the

implied warranties under RCW Title 62A.

7.7.     If and to the extent that Safeway alleges this, and if Corporation/Business

Entity I was at fault, it's negligence or wrongful conduct was a proximate cause of

plaintiff's injuries and damages.

FIRST AMENDED COMPLAINT
JAFFE v. SAFEWAY INC., et al.
P a g e  | 10

ALLEN N. SHABINO, P.S.
1700 7TH AVE, STE. 2100
SEATTLE, WA 98101
TEL: 206-467-3099
FAX: 206-902-4313

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## IX.    DAMAGES

7.0.    Plaintiffs reassert and incorporate by reference the allegations set forth in paragraphs 1.0-7.7.

7.1.    As a proximate result of the defendants' wrongful conduct, plaintiff Jaffe suffered economic damages, both past and future, including, but not limited to, medical expenses, lost wages or earnings, diminished earning capacity, AND other special damages, in amounts to be proven at the time of trial.

7.2.    As a proximate result of defendants' wrongful conduct, plaintiff Jaffe suffered general damages, both past and future, including, but not limited to, physical and emotional pain and suffering, and loss of enjoyment of life, in amounts to be proven at the time of trial.

7.3.    As a proximate result of defendants' wrongful conduct and the injuries to plaintiff Jaffe, plaintiff Montana suffered loss of spousal consortium, in an amount to be proven at the time of trial.

### PRAYER FOR RELIEF

Having set forth their allegations in this complaint, plaintiffs pray:

1.    That plaintiffs be awarded their economic damages, both past and future, including, but not limited to, medical expenses, lost wages or earnings, diminished earning capacity, or any other special damages;

FIRST AMENDED COMPLAINT
JAFFE v. SAFEWAY INC., et al.
P a g e  | 11

ALLEN N. SHABINO, P.S.
1700 7TH AVE, STE. 2100
SEATTLE, WA 98101
TEL: 206-467-3099
FAX: 206-902-4313

2.      That plaintiffs be awarded their general damages, both past and future, including, but not limited to, physical and emotional pain and suffering, and loss of enjoyment of life;

3.      That plaintiff Brian Montana be awarded damages for loss of spousal consortium;

4.      That plaintiffs be awarded pre-judgment interest on any liquidated damages;

5.      That plaintiffs be awarded post-judgment interest at the rate authorized by law;

6.      That plaintiffs be awarded their costs and disbursements, including the statutory attorney's fee for each plaintiff; and

7.      For such other and further relief as the court deems just and appropriate.


RESPECTFULLY SUBMITTED this 8th day of July, 2021.



ALLEN N. SHABINO, P.S.


By:   /s/ Allen Shabino
        Allen N. Shabino, WSBA #14815
        1700 7th Ave., Ste. 2100
        Seattle, WA  98101
        (206) 467-3099
        allen@shabinolawfirm.com
        Attorney for Plaintiff


FIRST AMENDED COMPLAINT
JAFFE v. SAFEWAY INC., et al.
P a g e  | 12

ALLEN N. SHABINO, P.S.
1700 7TH AVE, STE. 2100
SEATTLE, WA 98101
TEL: 206-467-3099
Fax: 206-902-4313